UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Myeshia Bryant,<br>Plaintiff,<br><br>v.<br><br>South Carolina Federal Credit Union,<br>Defendant. | CASE NO.:<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII"), and the Family and Medical Leave Act 29 U.S.C. §2601, *et. seq*. (hereinafter "FMLA").

1. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

    b. A Notice of Right to Sue was received from the EEOC on or about September 12, 2023.

    c. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Notice of the Right to Sue.

2. The Plaintiff, Myeshia Bryant, is a citizen and resident of the State of South Carolina and resides in Berkeley County, South Carolina.

3. The Defendant, South Carolina Federal Credit Union, upon information and belief, is a not-for-profit, member-owned credit union, chartered and organized under South Carolina law and conducts business in the State of South Carolina.

4. All discriminatory or otherwise prohibited employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant is engaged in an industry affecting commerce within the meaning of the ADA and FMLA.

7. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of ADA.

8. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of FMLA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about January 4, 2021, the Plaintiff began working for the Defendant as a Customer Service Representative.

11. In or around April 2021, the Plaintiff was diagnosed with breast cancer which constitutes a disability as defined by the ADA and a serious health condition as defined by the FMLA. She immediately notified her employer of this diagnosis.

12. In January 2022, the Plaintiff was approved for FMLA leave to undergo radiation and chemotherapy. When she returned to work, her treating physician required that she attend periodic physical therapy appointments in connection with her recovery.

13. In or about August 2022, the Plaintiff requested a modified schedule to enable her to attend these appointments. Said request constitutes a request for a reasonable accommodation under the ADA.

14. The Plaintiff was then terminated on or about October 21, 2022 for "attendance issues" which is patently in retaliation for taking FMLA leave and for requesting reasonable accommodations under the ADA.

15. At all times relevant to this Complaint, the Plaintiff satisfactorily performed her essential and fundamental job functions, was an exemplary employee in all respects and in no way contributed to her termination from employment.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Retaliation

16. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

17. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

18. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

19. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA.

20. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

21. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA.

22. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A SECOND CAUSE OF ACTION
### Violation of the FMLA – Retaliation

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Plaintiff's request for medical leave was made in good faith and constituted protected activity under the FMLA.

25. Shortly after the Plaintiff returned from leave, the Defendant fired the Plaintiff, which is in violation of the FMLA.

26. Admittedly, the Defendant terminated the Plaintiff for taking time off due to her health condition and associated treatment. In the alternative, any other stated reasons for termination were pretextual in nature.

27. The Plaintiff's use of FMLA leave was a determining factor in the retaliation against her. But for Plaintiff's use of FMLA leave, she would not have been terminated.

28. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

29. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of the FMLA.

30. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under the FMLA.

31. The Defendant violated FMLA by allowing retaliation to exist in the workplace.

32. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **REQUEST FOR RELIEF**

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

a. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

b. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

c. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

d. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

e. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

f. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

*(Signature on following page)*

                         **WIGGER LAW FIRM, INC.**

                         s/ *Emily Hanewicz Tong*
                         Emily Hanewicz Tong (Fed. I.D. #12177)
                         8086 Rivers Avenue, Suite A
                         North Charleston, SC  29406
                         Telephone: (843) 553-9800
                         Facsimile: (843) 203-1496
                         Email: ehtong@wiggerlawfirm.com
                         Attorney for the Plaintiff

North Charleston, South Carolina
December 7, 2023.